FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

98 MAR 17 PM 3: 20

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| ROBERT L. RYLES, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 96-AR-2650-E |
| J. L. SIVLEY, Warden; | ) |
| Respondents. | ) |
| | |
| HENRY K. COOK, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 97-AR-1087-E |
| J. L. SIVLEY, Warden; | ) |
| Respondents. | ) |

ENTERED

MAR 17 1998

MEMORANDUM OPINION

Robert L. Ryles and Harry K. Cook are federal prison inmates who have filed *pro se* petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because these cases involve related issues and are assigned to the same district judge, the actions are hereby CONSOLIDATED. Both petitioners have completed the five hundred "Comprehensive Drug Abuse Treatment Program." Petitioners argue that they should be eligible for a reduction of up to one year on their sentences

pursuant to 18 U.S.C. § 3621(e)(2)(B) and Bureau of Prison Program Statement Number 5530.10(c).

Title 18 U.S.C. § 3621(e)(2)(B) provides:

> (B) Period of custody. -- The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B) does not define "nonviolent offense."

> Program Statement 5330.10(c) provides:
>
> Eligible inmates who successfully complete the Bureau's residential drug abuse treatment program may earn up to a one year reduction from their statutory release date.

According to Program Statement 5330.10, an inmate is qualified under 18 U.S.C. § 3621(e) if the inmate is

> non-violent regarding the current offense of conviction as defined in Program Statement, "Definition of Term, Crimes of Violence." The Program Statement on Definition of Term, Crimes of Violence guides unit teams in determining whether the current offense is violent or non-violent, and is based on 18 U.S.C. § 924(c)(3).

18 U.S.C. § 924(c)(3) provides:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and --
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property

2

of another may be used in the course of committing the offense.

Ryles was convicted of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and his sentence was enhanced for possession of a firearm during and in relation to a drug trafficking crime. Due to the firearm enhancement, Bureau of Prisons (herein "BOP") concluded that Ryles was convicted of a crime of violence.

BOP concluded that Cook was convicted of a crime of violence because his conviction was based upon his being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a). Cook had previously been convicted of mail and wire fraud.

Ryles has not exhausted his administrative remedies; however he alleges that it would be futile for him to exhaust. In a declaration, petitioner states "Bureau of Prisons has made it's [sic] position crystal clear through numerous other cases by having never granted favorable relief for this type of administrative remedy because it would be in direct contradiction to their written policy of disallowing the incentive for the drug class because of an enhancement." Respondents do not argue that Cook has failed to exhaust administrative remedies.

Respondents apparently argue that BOP's interpretation of "non-violent offense" is arbitrary and capricious and has resulted in a denial of due process and equal protection.

This court has previously addressed the factual situation in which possession of a firearm was used to enhance a sentence. In *Burkett v. Sivley*, CV 96-N-2455-E (N.D. Ala., Report and Recommendation entered March 3, 1997, Final Judgment entered April 29, 1997), the magistrate

judge concluded that the petitioner had failed to exhaust his administrative remedies but alternatively addressed the merits:[1]

> Alternatively, the court concludes that the claim is meritless, even if administrative remedies need not be exhausted. First, it is clear that § 3621 does not create an entitlement or liberty interest in early release that would be protected by the due process clause of the Fifth Amendment. At most, the statute authorized, but does not require, the director of the Bureau of Prisons to grant early release to inmates who have completed the BOP substance abuse program. The discretion to grant early release is vested with the director, and discretion, by its very nature, is inconsistent with a protected liberty interest or entitlement. *See Conlogue v. Shinbaum*, 949 F.2d 378 (11th Cir. 1991). Petitioner argues that a liberty interest should be inferred because non-violent offenders who have completed the substance abuse program are invariably granted a reduction in sentence. However, even assuming petitioner's statement to be correct, that does not undermine the clear discretionary language of the statutes. Thus, there is no Fifth Amendment due process right to early release created by the statute.
>
> Nor is the BOP's conclusion that possession of a firearm during a drug offense is a "crime of violence" arbitrary or irrational. Looking to the statutory definition under § 924(c)(3) carrying a firearm during a drug offense plainly is a felony and it is one that by its nature creates a substantial risk that physical force will be used against another during its commission. Indeed, the very reason someone carries a firearm during a drug offense is because of the potential for the use of force. One who carries a firearm during a drug offense creates a substantial risk that physical force may be used against another. Therefore, the sentencing guideline providing for a two-level increase in the offense level for possession of a firearm during

---

[1] The court adopted the alternative recommendation.

4

> a drug offense, as district from the drug distribution offense itself, can be viewed reasonably and rationally as a "crime of violence." The BOP's policy of considering possession of a firearm during a drug offense to be a "crime of violence" is not irrational or arbitrary, and it is due deference from the court. *See Dawson v. Scott*, 50 F.3d 884 (11th Cir. 1995).

*Burkett* is this court's precedent.

Similarly, in *Venegas v. Henman*, 126 F.3d 760 (5th Cir. 1997), *reh. and reh. en banc denied sub nom Wilson v. Simpson*, ___ F.3d ___ (5th Cir. 1998), *petition for writ of certiorari filed*, (January 29, 1998), two petitioners challenged BOP's classification of offenses as violent as erroneous as a matter of law. One of the petitioners was convicted of being a felon-in-possession of a firearm while the other petitioner was convicted of drug possession with intent to distribute offense with a sentence enhancement for possession of a weapon. In *Venegas* the Fifth Circuit Court of Appeals held:

> The Bureau did not exceed its statutory authority by using its discretion to exclude from consideration for early release those prisoners convicted of possession of a weapon by a felon and offenses enhanced under the sentencing guidelines for possession of a weapon. The Bureau of Prisons' internal agency guidelines, ... is entitled to some deference from a reviewing court as long as the Bureau's interpretation is based on a "permissible construction of the statute."

126 F.3d at 763.

The court thus concluded that BOP's Program Statement 5162.02 which specifically excluded from the category of "nonviolent offender's" those prisoners convicted of possession of a firearm by a convicted felon and those prisoners serving enhanced sentences due to possession of

5

a dangerous weapon during the underlying offense was a valid exercise of discretion. The court further observed:

> The loss of the mere opportunity to be considered for discretionary early release is too speculative to constitute a deprivation of a constitutionally protected liberty interest. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (holding that opportunity to earn good-time credits, which might lead to earlier release does not constitute a constitutionally protected liberty interest), *cert. denied*, ___ U.S. ___, 116 S.Ct. 1690, 134 L.Ed.2d 791 (1996).

126 F.3d at 765.

While there is no Eleventh Circuit precedent on the issue currently before the court, this will presumably change soon. In *Burkett v. Sivley*, petitioner filed a notice of appeal which has been construed as a motion for certificate of appealability and motion for leave to proceed *in forma pauperis*. The motions have been held in abeyance by the Court of Appeals for the Eleventh Circuit's pending resolution of *Hicks v. Seanez* (97-2331). Further, *Venegas* is pending on petition for writ of certiorari in the United States Supreme Court. (No. 97-7727 filed January 29, 1998), and due to the split among the circuits,[2] the Supreme Court may review this question. Should either of the

---

[2]   The Courts of Appeals for the Third, Fourth, Eighth and Nine Circuits have held that in determining eligibility for early release under 18 U.S.C. § 3621(e)(2)(B) the BOP may not consider sentence enhancement factors. *See Roussos v. Menifee*, 122 F.3d 159 (3d Cir. 1997); *Fuller v. Moore*, 133 F.3d 914 (table), 1997 W.L. 791681 (unpublished disposition) (4th Cir. 1997); *Martin v. Gerlinski*, 133 F.3d 1076 (8th Cir. January 13, 1998); *Downey v. Crabtree*, 100 F.3d 662 (9th Cir. 1996). These courts have held that Program Sstatement 5162.02 is not entitled to deference because it is in conflict with 18 U.S.C. § 3621(e)(2)(B) which contains the phrase "convicted of a nonviolent offense."

In *Davis v. Crabtree*, 109 F.3d 566 (9th Cir. 1997) the Ninth Circuit Court of Appeals has held that BOP cannot render a prisoner ineligible for early release under 18 U.S.C. § 3621(e)(2)(B) based on a felon in possession of a firearm charge because the Ninth Circuit has held that a felony in possession of a firearm is not a crime of violence under 18 U.S.C. § 924(c)(3) and cannot be made into one by Program Statement 5162.02.

petitioners before this court seek a certificate of appealability, this court would be inclined to grant it due to the split among the circuits.

Based on the foregoing the petitions for writs of habeas corpus are due to be DENIED. A separate judgment will be entered contemporaneously herewith.

**DONE** this the ___17th___ day of March, 1998.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

7